UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BILLYBEY MARINA SERVICES, LLC,            :

                Plaintiff,            :     Case No.

          v.            :     **IN ADMIRALTY**

Bouchard Transportation Co., Inc.,            :     **VERIFIED COMPLAINT**
Motor Tug Ellen S. Bouchard, Inc.,
Tug Jane A. Bouchard Corp.,            :
Tug Evening Star Corp.,
B. No 252 Corp.,            :
B. No. 230 Corporation,
B. No. 284 Corp.,            :
B. No. 210 Corporation,
B. No. 262 Corp.,            :
B. No. 250 Corp.,
B. No. 260 Corporation and            :
B. No 282 Corp., *in personam*, and,
M/V ELLEN S. BOUCHARD, IMO No. 8117952,  :
Official No. 644590, her engines, equipment, tackle, :
etc., M/V JANE A. BOUCHARD, IMO No. 9269702:
Official No. 1139762, her engines, equipment,
tackle, etc., M/V EVENING STAR, IMO No.            :
9629768, Official No. 1234828, her engines,
equipment, tackle, etc.,
BARGE B. No. 252, BARGE B. No. 230,            :
BARGE B. No. 284, BARGE B. No. 210,
BARGE B. No. 262, BARGE B. No. 250,            :
BARGE B. No. 260 and BARGE B. No. 282, *in rem*:

                Defendants.            :
-----------------------------------------------------------------X

Plaintiff, Billybey Marina Services, LLC ("Billybey" or "Plaintiff"), by its attorneys, Cozen O'Connor, P.C., for its Verified Complaint against defendants, M/V ELLEN S. BOUCHARD, M/V JANE A. BOUCHARD, M/V EVENING STAR, BARGE B. No. 252, BARGE B. No. 230, BARGE B. No. 284, BARGE B. No. 210, BARGE B. No. 262, BARGE B. No. 250, BARGE B. No. 260 and BARGE B. No. 282, *in rem* (collectively, the "Vessels"), and

against Bouchard Transportation Co., Inc. ("Bouchard"), Motor Tug Ellen S. Bouchard, Inc., Tug Jane A. Bouchard Corp., Tug Evening Star Corp., B. No 252 Corp., B. No. 230 Corporation, B. No. 284 Corp., B. No. 210 Corporation, B. No. 262 Corp., B. No. 250 Corp., B. No. 260 Corporation and B. No 282 Corp., *in personam*, for dockage services which Plaintiff provided to the Vessels on the order of, and pursuant to maritime contracts with, Bouchard, alleges as follows:

## JURISDICTION AND VENUE

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure as it involves claims for enforcement of maritime liens and for damages under maritime contracts.

2. This action also falls within this Court's admiralty and maritime jurisdiction under 28 U.S.C. §1333 and 46 USC §31342, and Rule C of the Supplemental Rules of Certain Admiralty and Maritime Claims ("Supplemental Rules") for arrest of the Vessels.

3. The Vessels are or will be present in navigable waters within the jurisdiction of this Court during the pendency of this action, and therefore, venue is proper pursuant to 28 U.S.C. §1391(b).

## PARTIES

4. Billybey was and is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business located at 4800 Avenue at Port Imperial, Weehawken, New Jersey, and is authorized to do business in the State of New York.

5. Bouchard was and is a corporation organized and existing under the laws of the State of New York with a place of business located at 58 South Service Road, Suite 150, Melville, NY 11747.

6. Bouchard, at all relevant times described herein, was the operator of M/V ELLEN S. BOUCHARD, M/V JANE A. BOUCHARD, M/V EVENING STAR, BARGE B. No. 252, BARGE B. No. 230, BARGE B. No. 284, BARGE B. No. 210, BARGE B. No. 262, BARGE B. No. 250, BARGE B. No. 260 and BARGE B. No. 282.

7. Motor Tug Ellen S. Bouchard, Inc., Tug Jane A. Bouchard Corp., Tug Evening Star Corp., B. No 252 Corp., B. No. 230 Corporation, B. No. 284 Corp., B. No. 210 Corporation, B. No. 262 Corp., B. No. 250 Corp., B. No. 260 Corporation and B. No 282 Corp. (collectively, "Owners") were and are corporations organized and existing under the laws of the State of New York with a place of business located at 58 South Service Road, Suite 150, Melville, NY 11747 and were and are respectively the owners of the Vessels as set forth below:

| Vessel | Owner |
| --- | --- |
| M/V ELLEN S. BOUCHARD | Motor Tug Ellen S. Bouchard, Inc. |
| M/V JANE A. BOUCHARD | Tug Jane A. Bouchard Corp. |
| M/V EVENING STAR | Tug Evening Star Corp. |
| BARGE B. No. 252 | B. No 252 Corp. |
| BARGE B. No. 230 | B. No. 230 Corporation |
| BARGE B. No. 284 | B. No. 284 Corp. |
| BARGE B. No. 210 | B. No. 210 Corporation |
| BARGE B. No. 262 | B. No. 262 Corp. |
| BARGE B. No. 250 | B. No. 250 Corp. |
| BARGE B. No. 260 | B. No. 260 Corporation |
| BARGE B. No. 282 | B. No 282 Corp. |

## FACTS

8. On April 5, 2013 and January 1, 2020, the New York City Economic Development Corporation contracted with Billybey ("EDC Contract") to operate piers owned by the City of New York, including Homeport, a pier located on the eastern shore of Staten Island ("Homeport") and the South Brooklyn Marine Terminal ("SBMT"), a pier located along the Bay Ridge Channel in the Sunset Park industrial district of Brooklyn (Homeport and SBMT, collectively, the "Facilities"). Pursuant to the EDC Contract, Billybey contracted with Bouchard to berth the Vessels at the Facilities as described below.

### ELLEN S. BOUCHARD and the EVENING STAR

9. On February 14, 2020, Bouchard entered into a Berthing Location Permit, pursuant to which Bouchard was permitted to dock the ELLEN S. BOUCHARD and the EVENING STAR at SBMT from February 15, 2020 to April 30, 2020 ("ELLEN/STAR Permit").

10. Pursuant to paragraph 2 and Schedule A of the ELLEN/STAR Permit, Bouchard agreed to pay Billybey the following amounts in consideration for the right to dock the ELLEN S. BOUCHARD and the EVENING STAR at SBMT:

February 15 – 29, 2020: $7,392.00

March 1 - 31, 2020: $15,276.80

April 1 - 30, 2020: $14,784.00

A true and accurate copy of the ELLEN/STAR Permit and invoices totaling $37,452.80 are annexed hereto as Exhibit A.

11. After April 30, 2020, the ELLEN/STAR Permit had expired, nevertheless the ELLEN S. BOUCHARD and the EVENING STAR improperly held over and failed to vacate

their berths in violation of paragraph 19(b) of the ELLEN/STAR Permit, so dockage charges continued to accrue at $246.40 per day for each Vessel until May 5, 2020, when the M/V ELLEN S. BOUCHARD and M/V EVENING STAR were arrested by Laurel Shipping LLC in a suit pending in the U.S. District Court for the Southern District of New York entitled *Bouchard Transportation Co., Inc. v. Laurel Shipping LLC, et al.* 1:19-cv-09559 (dkt # 61, 81 and 82) and moved to Homeport under the custody of the Substitute Custodian appointed by the Court in that proceeding. The additional charges of $2,464.00 for the period May 1–5, 2020, when added to the amounts set forth in the invoices described in paragraph 10, totaled $39,916.80 ("ELLEN/STAR Charges").

12. The M/V EVENING STAR was released from arrest on June 15, 2020 and remained at Homeport where it continued to accrue dockage charges at $246.40 per day, but was again arrested on or about June 20, 2020 in another proceeding commenced in this District entitled *Wells Fargo Bank, N.A. v. Bouchard Transportation Co., Inc. et al.*, 1:20-cv-04695 (*see,* Affirmation of Service on M/V EVENING STAR, dkt# 13). The M/V EVENING STAR will continue to accrue dockage charges at $246.40 per day until such time as the Substitute Custodian appointed in *Wells Fargo Bank, N.A., supra* enters into a .Berthing Location Permit with Billybey.

13. Further, papers filed by counsel for Bouchard in *Bouchard Transportation Co., Inc. v. Laurel Shipping, supra* (dkt # 98) state that the ELLEN S. BOUCHARD will be released from arrest on or about July 31, 2020. If the ELLEN S. BOUCHARD remains berthed at Homeport after it is released from arrest, it will continue to accrue dockage charges at $246.40 per day.

## JANE A. BOUCHARD

14. On February 19, 2020, Bouchard entered into a Berthing Location Permit with Billybey pursuant to which Bouchard was permitted to dock the JANE A. BOUCHARD at Homeport from February 20, 2020 to March 31, 2020 ("JANE Permit").

15. Pursuant to paragraph 2 and Schedule A of the JANE Permit, Bouchard agreed to pay Billybey the following amounts in consideration for the right to dock the JANE A. BOUCHARD at Homeport:

February 20 - 29, 2020: $2,741.20

March 1 - March 31, 2020: $8,497.72

A true and accurate copy of the JANE Permit, and invoices totaling $11,238.92, are annexed hereto as Exhibit B ("JANE Charges").

## BARGE B. No. 252

16. On February 5, 2020, Bouchard entered into a Berthing Location Permit with Billybey pursuant to which Bouchard was permitted to dock the B. No. 252 at Homeport at a rate of $639.80 per day ("B 252 Permit").

17. Invoices were issued to Bouchard for the dockage charges incurred by the B. No. 252 for the following periods:

February 10 - 16, 2020: $4,478.60

February 17 - 29, 2020: $8,317.40

March 1 - 31, 2020: $19,833.80

April 1 – 30, 2020: $19,194.00

A true and accurate copy of the B 252 Permit, and the invoices totaling $51,823.80, are annexed hereto as Exhibit C.

18.  After April 30, 2020, the B 252 Permit had expired, nevertheless, the B. No. 252 improperly held over and failed to vacate its berth in violation of paragraph 19(b) of the B 252 Permit. The B. No. 252 has remained docked at Homeport up to the present time and has accrued additional dockage charges of $29,430.80 as of June 15, 2020 which, together with the invoiced amounts set forth above, total $81,254.60 (the "B 252 Charges"). The B. No. 252 will continue to accrue dockages charges in the amount of $639.80 for each day that it remains docked at Homeport after June 15, 2020.

## BARGE B. No. 230

19.  On February 5, 2020, Bouchard entered into a Berthing Location Permit with Billybey pursuant to which Bouchard was permitted to dock the B. No. 230 at Homeport ("B 230 Permit") at a rate of $639.80 per day.

20.  Invoices were issued to Bouchard for the dockage charges incurred by the B. No. 230 for the following periods:

February 11 - 17, 2020: $4,478.60

February 18 - 29, 2020: $7,677.60

March 1 - 31, 2020: $19,833.80

April 1 – 30, 2020: $19,194.00

A true and accurate copy of the B 230 Permit, and the invoices totaling $51,184.00, are annexed hereto as Exhibit D.

21.  After April 30, 2020, the B 230 Permit had expired, nevertheless the B. No. 230 improperly held over and failed to vacate its berth in violation of paragraph 19(b) of the B 230 Permit. The B. No. 230 has remained docked at Homeport up to the present time and has accrued additional dockage charges of $29,430.80 as of June 15, 2020 which, together with the

invoiced amounts set forth above, total $80,614.80 (the "B 230 Charges"). The B. No. 230 will continue to accrue dockages charges in the amount of $639.80 for each day that it remains docked at Homeport after June 15, 2020.

## BARGE B. No. 284

22. On February 19, 2020, Bouchard entered into a Berthing Location Permit with Billybey pursuant to which Bouchard was permitted to dock the B. No. 284 at Homeport ("B 284 Permit") at a rate of $639.80 per day.

23. Invoices were issued to Bouchard for the dockage charges incurred by the B. No. 284 for the following periods:

February 20 - 29, 2020: $6,398.00

March 1 - 31, 2020: $19,833.80

April 1 – 30, 2020: $19,194.00

A true and accurate copy of the B 284 Permit, and the invoices totaling $45,425.80, are annexed hereto as Exhibit E.

24. After April 30, 2020, the B 284 Permit had expired, nevertheless the B. No. 284 improperly held over and failed to vacate its berth in violation of paragraph 19(b) of the B 284 Permit. The B. No. 284 has remained docked at Homeport up to the present time and has accrued additional dockage charges of $29,430.80 as of June 15, 2020 which, together with the invoiced amounts set forth above, total $74,856.60 (the "B 284 Charges"). The B. No. 284 will continue to accrue dockages charges in the amount of $639.80 for each day that it remains docked at Homeport after June 15, 2020.

## BARGE B. No. 210

25.     On November 22, 2019 Bouchard entered into a Berthing Location Permit with Billybey pursuant to which Bouchard was permitted to dock the B. No. 210 at Homeport at a rate of $627.30 per day; and, thereafter, on February 19, 2020, Bouchard entered into Berthing Location Permit with Billybey pursuant to which Bouchard was permitted to dock the B. No. 210 at Homeport at a rate of $639.80 per day (collectively, the "B 210 Permit").

26.     Invoices were issued to Bouchard for the dockage charges incurred by the B. No. 210 for the following periods:

November 21 – 28, 2019: $5,018.40

February 20 - 29, 2020: $6,398.00

March 1 - 31, 2020: $19,833.80

April 1 – 30, 2020: $19,194.00

A true and accurate copy of the B 210 Permit, and the invoices totaling $50,444.20 are annexed hereto as Exhibit F.

27.     After April 30, 2020, the B 210 Permit had expired, nevertheless the B. No. 210 improperly held over and failed to vacate its berth in violation of paragraph 19(b) of the B 210 Permit. The B. No. 210 has remained docked at Homeport up to the present time and has accrued additional dockage charges of $29,430.80 as of June 15, 2020 which, together with the invoiced amounts set forth above, total $79,875.00 (the "B 210 Charges"). The B. No. 210 will continue to accrue dockages charges in the amount of $639.80 for each day that it remains docked at Homeport after June 15, 2020.

**BARGE B. No. 262**

28.     On February 14, 2020, Bouchard entered into a Berthing Location Permit with Billybey pursuant to which Bouchard was permitted to dock the B. No. 262 at SBMT ("B 262 Permit") at a rate of $639.80 per day.

29.     Invoices were issued to Bouchard for the dockage charges incurred by the B. No. 262 for the following periods:

February 15 - 29, 2020: $9,597.00

March 1 - 31, 2020: $19,833.80

April 1 – 30, 2020: $19,194.00

A true and accurate copy of the B 262 Permit, and the invoices totaling $48,624.80, are annexed hereto as Exhibit G.

30.     After April 30, 2020, the B 262 Permit had expired, nevertheless the B. No. 262 improperly held over and failed to vacate its berth in violation of paragraph 19(b) of the B 262 Permit. The B. No. 262 has remained docked at Homeport up to the present time and has accrued additional dockage charges of $29,430.80 as of June 15, 2020 which, together with the invoiced amounts set forth above, total $78,055.60 (the "B 262 Charges"). The B. No. 262 will continue to accrue dockages charges in the amount of $639.80 for each day that it remains docked at SBMT after June 15, 2020.

**BARGE B. No. 250**

31.     On February 14, 2020, Bouchard entered into a Berthing Location Permit with Billybey pursuant to which Bouchard was permitted to dock the B. No. 250 at SBMT ("B 250 Permit") at a rate of $639.80 per day.

32. Invoices were issued to Bouchard for the dockage charges incurred by the B. No. 250 for the following periods:

February 15 - 29, 2020: $9,597.00

March 1 - 31, 2020: $19,833.80

April 1 – 30, 2020: $19,194.00

A true and accurate copy of the B 250 Permit, and the invoices totaling $48,624.80, are annexed hereto as Exhibit A.

33. After April 30, 2020, the B 250 Permit had expired, nevertheless the B. No. 250 improperly held over and failed to vacate its berth in violation of paragraph 19(b) of the B 250 Permit. The B. No. 250 was arrested on or about June 20, 2020 in another proceeding commenced in this District entitled *Wells Fargo Bank, N.A. v. Bouchard Transportation Co., Inc. et al.*, 1:20-cv-04695 (*see,* Affirmation of Service on BARGE B No. 250, dkt# 14) but has remained docked at SBMT up to the present time and has accrued additional dockage charges of $29,430.80 as of June 15, 2020 which, together with the invoiced amounts set forth above, total $78,055.60 (the "B 250 Charges"). The B. No. 250 will continue to accrue dockages charges in the amount of $639.80 for each day that it remains docked at SBMT after June 15, 2020 until such time as the Substitute Custodian appointed in *Wells Fargo Bank, N.A.*, *supra* enters into a .Berthing Location Permit with Billybey.

## **BARGE B. No. 260**

34. On February 14, 2020, Bouchard entered into a Berthing Location Permit with Billybey pursuant to which Bouchard was permitted to dock the B. No. 260 at SBMT ("B 260 Permit") at a rate of $639.80 per day.

35. Invoices were issued to Bouchard for the dockage charges incurred by the B. No. 260 for the following periods:

February 15 - 29, 2020: $9,597.00

March 1 - 31, 2020: $19,833.80

April 1 – 30, 2020: $19,194.00

A true and accurate copy of the B 260 Permit, and the invoices totaling $48,624.80, are annexed hereto as Exhibit H.

36. After April 30, 2020, the B 260 Permit had expired, nevertheless the B. No. 260 improperly held over and failed to vacate its berth in violation of paragraph 19(b) of the B 260 Permit. The B. No. 260 has remained docked at SBMT up to the present time and has accrued additional dockage charges of $29,430.80 as of June 15, 2020 which, together with the invoiced amounts set forth above, total $78,055.60 (the "B 260 Charges"). The B. No. 260 will continue to accrue dockages charges in the amount of $639.80 for each day that it remains docked at SBMT after June 15, 2020.

### BARGE B. No. 282

37. On October 31, 2019, Bouchard entered into a Berthing Location Permit with Billybey pursuant to which Bouchard was permitted to dock the B. No. 282 at Homeport at a rate of $627.30.80 per day from October 31, 2019 through November 9, 2019. Subsequently, on November 21, 2019, Bouchard entered into another Berthing Location Permit with Billybey pursuant to which Bouchard was permitted to dock the B. No. 282 at Homeport at a rate of $627.30.80 per day from November 21, 2019 through December 5, 2019. (collectively, the "B 282 Permits").

38.     Invoices were issued to Bouchard for the dockage charges incurred by the B. No. 282 for the following periods:

October 31 – November 9, 2019: $6,273.00

November 21 – December 5, 2019: $9,409.50

A true and accurate copy of the B 282 Permits, and the invoices totaling $15,682.50, are annexed hereto as Exhibit I.

### COUNT I - Breach of Contract Against Bouchard, *In Personam*

39.     Plaintiff repeats and realleges paragraphs 1 through 38 with the same force and effect as if set forth at length herein.

40.     Bouchard has failed to pay any of the dockage charges which are due and payable, has failed to timely vacate the Vessels described above from the Facilities in breach of paragraph 19 (b) of their respective Berthing Location Permits, and is presently indebted to Billybey in the total amount of $617,606.02.

41.     Pursuant to paragraph 19(c) of the Berthing Location Permits, the damages which Bouchard agreed to be liable for included Billybey's "reasonable attorney's fees, and any other monies paid or incurred by (Billybey), for service of process, marshal's fees, and all other costs incurred in summary proceedings and the like…"

42.     By reason of the premises, there is justly due and owing to Billybey from Bouchard the sum of $617,606.02 as of June 15, 2020 plus daily dockage charges accruing thereafter by the Vessels described above which have failed to timely vacate their berths in violation of their respective Berthing Location Permits, together with prejudgment interest, contractual attorneys' fees and costs.

### COUNT II- Maritime Liens *In Rem* Against the Vessels

43. Plaintiff repeats and realleges paragraphs 1 through 42 with the same force and effect as if set forth at length herein.

44. The dockage services described above were provided at the Facilities by Billybey to the Vessels upon the order of, and pursuant to maritime contracts with, Bouchard and constitute necessaries which were required for the dockage and safety of the Vessels.

45. Plaintiff has not been paid for the maritime necessaries provided to the Vessels and therefore seeks to arrest the Vessels to execute on its maritime liens *in rem*, in satisfaction of its maritime liens against the Vessels *in rem*, as demanded below.

### COUNT III – Quantum Meruit Against the Owners

46. Plaintiff repeats and realleges paragraphs 1 through 45 with the same force and effect as if set forth at length herein.

47. Billybey furnished the dockage services, described above and incorporated herein, for compensation and for the benefit of the Owners and as requested and authorized by Bouchard or its agents.

48. Owners have benefited by receiving the dockage services provided by Billybey.

49. Billybey has not been compensated for the dockage services it has provided.

50. The fair and reasonable value of the services Billybey has provided to Owners, for which it has not been compensated is $617,606.02, as of June 15, 2020.

51. By reason of the above, Billybey has been damaged in an amount equal to the reasonable compensation for the dockage services it provided in an amount no less than $617,606.02 as of June 15, 2020, the daily dockage charges accruing thereafter by the Vessels

described above which remain berthed at the Facilities, plus attorneys' fees, prejudgment interest and the costs of this proceeding.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

A. Against Defendant, Bouchard, *in personam*, for the total amount of the dockage services provided at the order of, and pursuant to maritime contracts with, Bouchard in the total amount of $617,606.02 as of June 15, 2020, the daily dockage charges accruing thereafter by the Vessels described above which have failed to timely vacate their berths in violation of their respective Berthing Location Permits, plus contractual attorneys' fees, prejudgment interest and costs.

B. Against Defendants, Motor Tug Ellen S. Bouchard, Inc., Tug Jane A. Bouchard Corp., Tug Evening Star Corp., B. No 252 Corp., B. No. 230 Corporation, B. No. 284 Corp., B. No. 210 Corporation, B. No. 262 Corp., B. No. 250 Corp., B. No. 260 Corporation and B. No 282 Corp, *in personam*, for the reasonable value of the dockage services provided in an amount no less than $617,606.02 as of June 15, 2020, the daily dockage charges accruing thereafter by the Vessels described above which remain berthed at the Facilities, plus attorneys' fees, prejudgment interest and the costs of this proceeding.

C. Against the defendant Vessels, *in rem*, as follows:

  a. That the Clerk of the Court issue a warrant for arrest of the Vessels, commanding the United States Marshal for this District, or pursuant to alternative service of the warrant as ordered by this Court, to arrest and take into custody the Vessels and detain them in the custody of the substitute custodian until further order of this Court;

b. That the Court find that Plaintiff holds valid maritime liens against the Vessels, their engines, appurtenances, furnishings, machinery and equipment as provided by 46 U.S.C. §31342, and by federal law construing the statute;

c. That the Court issue a judgment *in rem* against the Vessels, their engines, appurtenances, furnishings machinery and equipment, order that the Plaintiff's claims be asserted and executed against the Vessels *in rem* for the amounts set forth below and that the aforementioned Vessels be sold to satisfy Plaintiff's maritime liens, *in rem* for the amounts set forth below plus such additional daily dockage charges which accrue while the Vessels remain at the Facilities:

| Vessel | Amount |
|---|---|
| M/V ELLEN S. BOUCHARD: | $19,958.40 |
| M/V JANE A. BOUCHARD: | $11,238.92 |
| M/V EVENING STAR: | $19,958.40 |
| BARGE B. No. 252: | $81,254.60 |
| BARGE B. No. 230: | $80,614.80 |
| BARGE B. No. 284: | $74,856.60 |
| BARGE B. No. 210: | $79,875.00 |
| BARGE B. No. 262: | $78,055.60 |
| BARGE B. No. 250: | $78,055.60 |
| BARGE B. No. 260: | $78,055.60 |
| BARGE B. No. 282: | $15,682.50 |

d. That the Court award Plaintiff prejudgment interest, its attorneys' fees, costs and the other expenses incurred in connection with this proceeding, including without limitation, all costs incurred in *custodia legis*; and

e. That the Court grant such other legal and equitable relief as it deems just and proper.

Dated: June 25, 2020

                              COZEN O'CONNOR, P.C.
                              A Pennsylvania Professional Corporation

By:   /s/ Christopher Raleigh
       Christopher Raleigh
       Geoffrey D. Ferrer
       Attorneys for Plaintiff,
       Billybey Marina Services, LLC
       45 Broadway, 16th Floor
       New York, New York  10006
       Tel. No.: (212) 509-9400

## VERIFICATION

STATE OF NEW JERSEY ) 
                                  ) ss.: 
COUNTY OF HUDSON      )

Donald J. Liloia, having been duly sworn, deposes and says:

I am the Senior Vice President of Billybey Marina Services, LLC, the Plaintiff in the within action. I have read the foregoing Verified Complaint and verify that the facts alleged therein are true and correct to the best of my knowledge, except as to matters alleged upon information and belief, and as to those matters, I believe them to be true.

The basis for my knowledge is my review of the company's business records, discussions with employees of Billybey Marina Services, LLC and my personal knowledge of this matter.

Dated: June 26, 2020

                                                                            _____
                                                                            Donald J. Liloia

Sworn to before me this
26th day of June, 2020

_____
Notary Public

LEGAL\47194782\1 18138.0001.000/481314.000

**MAUREEN L. LAFASO**
**NOTARY PUBLIC OF NEW JERSEY**
**My Commission Expires 11/19/24**