USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __7/16/2020__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| BILLYBEY MARINA SERVICES, LLC, : | |
| Plaintiff, : | Case No. 1:20-cv-04922-LTS -JLC |
| v. : | **IN ADMIRALTY** |
| Bouchard Transportation Co., Inc., : | **ORDER FOR** |
| Motor Tug Ellen S. Bouchard, Inc., | **APPPOINTMENT** |
| Tug Jane A. Bouchard Corp., : | **OF NATIONAL** |
| Tug Evening Star Corp., | **MARITIME SERVICES,** |
| B. No 252 Corp., : | **INC. AS SUBSTITUTE** |
| B. No. 230 Corporation, | **CUSTODIAN AND FOR** |
| B. No. 284 Corp., : | **SERVICE OF PROCESS,** |
| B. No. 210 Corporation, | **AND FOR PRO RATA** |
| B. No. 262 Corp., : | **SHARING OF *CUSTODIA*** |
| B. No. 250 Corp., | ***LEGIS* EXPENSES** |
| B. No. 260 Corporation and : | |
| B. No 282 Corp., *in personam*, and, | |
| M/V ELLEN S. BOUCHARD, IMO No. 8117952, : | |
| Official No. 644590, her engines, equipment, tackle, | |
| etc., M/V JANE A. BOUCHARD, IMO No. 9269702 | |
| Official No. 1139762, her engines, equipment, | |
| tackle, etc., M/V EVENING STAR, IMO No. : | |
| 9629768, Official No. 1234828, her engines, | |
| equipment, tackle, etc., | |
| BARGE B. No. 252, BARGE B. No. 230, : | |
| BARGE B. No. 284, BARGE B. No. 210, | |
| BARGE B. No. 262, BARGE B. No. 250, : | |
| BARGE B. No. 260 and BARGE B. No. 282, *in rem,* | |
| Defendants. : | |

------------------------------------------------------------X

Plaintiff, Billybey Marina Services, LLC("Billybey" or "Plaintiff"), having moved for the appointment of National Maritime Services, Inc., ("NMS") as the Substitute Custodian and for the appointment of NMS, its President, Alan Swimmer, and Christopher Raleigh and Geoffrey D. Ferrer to serve process in lieu of the U.S. Marshal, and for the *pro rata* sharing of *custodia legis* expenses, it is hereby:

ORDERED, that the Motion for Appointment of Substitute Custodian is GRANTED; and,

IT IS FURTHER ORDERED, that NMS, Alan Swimmer, Christopher Raleigh and Geoffrey D. Ferrer are hereby appointed as substitute process servers to serve the Warrant of Arrest, Verified Complaint and this Order on the Vessels; and,

IT IS FURTHER ORDERED, that the United States Marshal for the Southern District of New York is hereby authorized and directed to surrender possession of the following vessels (collectively, "Vessels") to the custody of the Substitute Custodian, NMS:

    M/V ELLEN S. BOUCHARD
    M/V JANE A. BOUCHARD
    M/V EVENING STAR,
    BARGE B. No. 252
    BARGE B. No. 230
    BARGE B. No. 284
    BARGE B. No. 210
    BARGE B. No. 262
    BARGE B. No. 250
    BARGE B. No. 260
    BARGE B. No. 282; and,

IT IS FURTHER ORDERED, that the Marshal shall be discharged from his duties and responsibilities for the safekeeping of the Vessels and be held harmless from any and all claims arising out of the substitute possession and safekeeping; and,

IT IS FURTHER ORDERED, that NMS is hereby appointed the Substitute Custodian of the Vessels to retain the same in custody for possession and safekeeping during the pendency of their arrest in this jurisdiction, for the compensation set forth in the fee schedule included in the Commercial Vessel Custody Agreement dated July 8, 2020 which was filed with the Court; and,

IT IS FURTHER ORDERED that NMS shall, at the direction of the Vessel's owner or Billybey, and by appointment only, permit prospective purchasers to board and inspect the Vessels; and,

IT IS FURTHER ORDERED that all of the Marshal's costs be paid prior to the release of the Vessels; and,

IT IS FURTHER ORDERED that all reasonable expenditures which may be incurred by the United States of America, NMS, Plaintiff or by any party advancing funds or incurring liability to NMS in towing, safekeeping and maintaining the Vessels while each is in *custodia legis* shall be administrative expenses in this action and a first charge on the Vessels herein, to be paid prior to the release of the Vessels or the distribution of proceeds; and,

IT IS FURTHER ORDERED, that any expenses incurred by the United States of America, NMS, Plaintiff or by any party advancing funds or incurring liability to NMS in towing, safekeeping and maintaining the Vessels while each is in *custodia legis* shall be shared *pro rata* by intervenors in this proceeding which assert *in rem* claims against the Vessels; and,

IT IS FURTHER ORDERED that NMS, at its discretion, shall be permitted to move the Vessels from their current location, if deemed necessary, to safe locations within the District, and shall provide notice to the Court, U.S. Marshal, and all parties in this action upon moving the Vessels.  NMS shall also be allowed to discharge cargo, at its discretion, if necessary to perform its duties as the substitute custodian; and,

IT IS FURTHER ORDERED, NMS is authorized to take all reasonable measures to protect and maintain the value of the Vessels and other related property in its custody

and to prevent liabilities to third parties, including personal injury, property or pollution damage, without specific authorization; and,

IT IS FURTHER ORDERED that the Vessels may be released by the Substitute Custodian, without further court order, upon delivery of a written consent by all of the parties to the action to the Marshal's Service and Substitute Custodian; and

IT IS FURTHER ORDERED that the Substitute Custodian will be paid in full for its services prior to the subject vessel's release or the date that the Substitute Custodian is relieved from its duties, whichever occurs first, ;and,

IT IS FURTHER ORDERED that if the Substitute Custodian is not paid for its charges, upon written demand to the Plaintiff, the Substitute Custodian shall be entitled to withdraw on 3 days' written notice to the Plaintiff, the Marshal's Service and the Court; and,

IT IS FURTHER ORDERED that NMS shall comply with all orders of the Captain of the Port and the United States Coast Guard, including but not limited to, an order to move the Vessels, and any applicable federal, state, and local laws, regulations, and requirements pertaining to vessel and port safety.  NMS shall advise the Court, the parties to the action, and the United States Marshal, of any movement of the Vessels pursuant to an order of the Captain of the Port, United States Coast Guard, or otherwise within twenty-four hours of such Vessels' movement.

SO ORDERED

this 16 day of July, 2020

_____
JAMES L. COTT
United States Magistrate Judge

LEGAL\47361633\1 18138.0001.000/481314.000