# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

THIS **SETTLEMENT AGREEMENT and MUTUAL RELEASE** ("Agreement") is made and entered into on November 24, 2020, by **Billybey Marina Services, LLC** ("Billybey") and **Bouchard Transportation Co., Inc.** ("Bouchard"), **Motor Tug Ellen S. Bouchard, Inc., Tug Jane A. Bouchard Corp., Tug Evening Star Corp., B. No 252 Corp., B. No. 230 Corporation, B. No. 284 Corp., B. No. 210 Corporation, B. No. 262 Corp., B. No. 250 Corp., B. No. 260 Corporation and B. No 282 Corp.** (collectively, the "Owners") and **M/V ELLEN S. BOUCHARD, M/V JANE A. BOUCHARD, M/V EVENING STAR, BARGE B. No. 252, BARGE B. No. 230, BARGE B. No. 284, BARGE B. No. 210, BARGE B. No. 262, BARGE B. No. 250, BARGE B. No. 260 and BARGE B. No. 282**, *in rem* (collectively, the "Vessels" and together, Bouchard and the Owners, the "Defendants").

**WHEREAS**, Billybey and the Defendants (sometimes referred to herein individually as a "Party" and collectively as the "Parties") are the Parties to a litigation pending in the United States District Court for the Southern District of the New York (the "Court") entitled *Billybey Marina Services, LLC v. Bouchard, et al.*, bearing docket no. 20-cv-04922 LTS-JLC ("Billybey Litigation"); and Billybey, Bouchard, B. No. 250 Corp., Tug Evening Star Corp., M/V EVENING STAR *in rem* and BARGE B. NO. 250, *in rem* are parties to a litigation in the Court entitled *Wells Fargo Bank, N.A. v. Bouchard, et al.*, bearing docket no. 20-cv-04695-LTS-JLC ("Wells Fargo Litigation" and, together with the Billybey Litigation, the "Litigations");

**WHEREAS**, except as expressly set forth herein, the Parties desire to resolve and terminate all claims, causes of action, demands, rights, and other remedies that they have or may have against each other which are the subject of the Litigations, including all claims for property damage, breach of contract and *quantum meruit*, without any admission of liability, wrongdoing or fact by any Party.

**NOW, THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, **THE PARTIES AGREE AS FOLLOWS**:

1. Payment.

    (a) Defendants shall pay Billybey the sum of One Million Dollars ($1,000,000.00) (the "Payment"), to be paid in full within one business day after execution of this Agreement by the Parties (the "Payment Date"). Billybey acknowledges that the Payment was received from the Defendants on November 19, 2020.

    (b) Clawback. If Billybey is required to relinquish any portion of the Payment made by Defendants due to any legal proceedings, including, but not limited to, the bankruptcy instituted by Defendants, such action shall constitute an immediate event of default and the Payment, or any portion thereof that Billybey is required to relinquish, shall be reinstated and shall become immediately due and payable by the Defendants, without requiring further

1

action by Billybey.

2. Removal of Vessels.

(a) Defendants acknowledge that the Vessels are currently docked at South Brooklyn Marine Terminal ("SBMT") and Homeport (collectively, "Facilities"). Defendants agree to remove the Vessels from the Facilities no later than five business days after the execution of this Agreement by the Parties (the "Removal Date"). Should Defendants fail to remove the Vessels currently docked at SBMT by the Removal Date, Bouchard expressly authorizes Billybey to shift the Vessels to another dock solely at Bouchard's expense. Should Defendants not remove all Vessels from the Facilities by the Removal Date, Defendants agree to enter into Use Permits with Billybey providing for dockage of those Vessels which remain at the Facilities from the date of this Agreement at the rates set forth in Exhibit A, and to pre-pay dockage charges on a monthly basis through the date that the Vessels are expected to be removed from the Facilities. A copy of the form Use Permit currently in use by Billybey and the daily rates applicable to each of the Vessels is annexed hereto as Exhibit A.

(b) Should Defendants not remove the Vessels from the Facilities by the Removal Date and not enter into Use Permits and prepay the dockage charges within the time period referred to above, the Defendants shall be in default under the terms of this Agreement.

(c) *Custodia Legis* Expenses: Billybey represents that it has paid, or will pay, National Maritime Services, Inc. ("NMS"), the Substitute Custodian appointed by the Court, for the *custodia legis* expenses incurred with respect to those Vessels arrested in the Billybey Litigation up to and including the date that a Stipulation of Dismissal With Prejudice of all claims asserted by Billybey is filed in the Billybey Litigation. This representation does not apply to those Vessels arrested by McAllister Towing of Connecticut, LLC, et al. ("McAllister"), to those Vessels arrested by Wells Fargo in the Wells Fargo Litigation or to future *custodia legis* expenses charged by NMS to Wells Fargo or to McAllister for any Vessels that remain under arrest by Wells Fargo and/or McAllister after Billybey files its Stipulation of Dismissal. For the avoidance of doubt, the Defendants acknowledge that the Payment only covers *custodia legis* expenses for which Billybey is solely responsible to pay NMS and does not cover the *custodia legis* expense of any other entity that has arrested any of the Vessels including but not limited to Wells Fargo and/or McAllister.

3. Mutual Releases.

(a) Bankruptcy Court Approval of Mutual Releases. The mutual releases described in paragraphs 3(b) and 3(c) of the Agreement ("Mutual Releases") are subject to approval by the Court in the bankruptcy entitled *In re Bouchard Transportation Co., Inc. et al.*, Case No. 20-34682 (DRJ) (Bankr. S.D. Tex.) in which Defendants are Debtors ("Bouchard Bankruptcy"). Immediately after the Parties have executed this Agreement, the Defendants will proceed to file a Rule 9019 motion with the Bankruptcy Court ("Motion") no later than November 25, 2020, in the Bouchard Bankruptcy to obtain entry of an order on an expedited basis approving the Mutual Releases (the "<u>Bankruptcy Court Approval Order of Mutual</u>

Releases"). The Parties will use their good faith efforts to obtain entry of the Bankruptcy Court Approval Order of Mutual Releases as promptly as possible. Should Defendants' fail to file the Motion by November 25, 2020, the Defendants shall be in default under the terms of this Agreement.

(b) Subject to the terms and conditions of this Agreement, Billybey, for itself and its past, present and future officers, directors, agents, representatives, servants, employees, shareholders, members, predecessors and successors in interest, subsidiaries, affiliates and assigns hereby voluntarily and irrevocably releases, acquits and forever discharges Defendants, their past, present and future officers, directors, agents, representatives, servants, employees, shareholders, members, predecessors and successors in interest, subsidiaries, affiliates, insurers and assigns from any and all claims, demands, liabilities, debts, judgments, damages, expenses, actions, causes of action or suits of any kind relating to the claims that are the subject of the Litigations, which Billybey had or may have had or may now or hereafter raise, whether known or unknown, but only to the extent such claims concern or relate to the claims that are the subject of the Litigations. It is also expressly agreed that the release set forth herein in favor of the Defendants does not extend to: (1) claims by Billybey due to the failure of the Defendants to timely remove the Vessels from the Facilities no later than the Removal Date or for breach of the Use Permits referenced in paragraph 2 of this Agreement or failure to enter into such permits, or for breach of this Agreement; or, (2) the claims for attorneys' fees and legal costs incurred directly by Billybey in the Litigations and the attorneys' fees and legal costs incurred by Billybey through National Maritime Services, Inc. as Substitute Custodian of the Vessels in the Litigations (collectively, "Legal Costs"); and, that Billybey shall be permitted to submit a claim for the Legal Costs as a general unsecured claim in the Bouchard Bankruptcy.

(c) Subject to the terms and conditions of this Agreement, the Defendants, for themselves and their past, present and future officers, directors, agents, representatives, servants, employees, shareholders, partners, predecessors and successors in interest, subsidiaries, affiliates and assigns hereby voluntarily and irrevocably release, acquit and forever discharge Billybey, its past, present and future officers, directors, agents, representatives, servants, employees, shareholders, partners, predecessors and successors in interest, subsidiaries, affiliates, insurers and assigns from any and all claims, demands, liabilities, debts, judgments, damages, expenses, actions, causes of action or suits of any kind relating to the Litigations, which Defendants had or may have had or may now or hereafter raise, whether known or unknown, but only to the extent such claims concern or relate to the claims and the Vessels that are the subject of the Litigations.

(d) This settlement is intended to compromise and release all existing claims between the Parties concerning the Litigations, except as to the obligations and duties of each of the Parties contained in this Agreement. Notwithstanding paragraphs 3(b) and 3(c) above, the Parties do not release each other from any causes of action or claims arising out of a breach of this Agreement by any Party.

4. Non-Disparagement. Each Party agrees not to directly or indirectly disparage the other Party hereto.

5. Covenant Not To Sue. Except as expressly provided herein, the Parties covenant not to sue each other or prosecute any claim against each other with respect to any matter covered by this Agreement, including, but not limited to, the Litigations, and further agree that this Agreement shall be a complete and conclusive defense to any such claim, suit or proceeding that may nevertheless hereafter be brought against either Party, except for a claim of breach of this Agreement or breach of the Use Permits referenced in paragraph 2.

6. Dismissal of the Litigations. Billybey acknowledges that it received the Payment, as provided for in paragraph 1(a) of this Agreement, on November 19, 2020. Billybey will cause its legal counsel to execute and file, within two business days after execution of this Agreement by the Parties: (1) a Stipulation of Dismissal With Prejudice of all claims asserted by Billybey in the Billybey Litigation and to execute any documents required to release the Vessels from Billybey's arrest in the Billybey Litigation; and, (2) to file a Stipulation of Dismissal with Prejudice of all claims asserted by Billybey as Intervening Plaintiff in the Wells Fargo Litigation and to execute any documents required to release the Vessels solely from arrest by Billybey in the Wells Fargo Litigation.

7. Miscellaneous.

(a) Representation. Each of the persons executing this Agreement on behalf of each of the Parties warrants and represents that he or she is duly authorized to execute this Agreement on behalf of such Party, and that he or she is, in fact, executing this Agreement on behalf of such Party. The Parties to this Agreement represent that they are legally competent to enter into this Agreement and they have carefully read this Agreement, understand its contents, have consulted with an attorney of their choice and are signing this Agreement of their own free will.

(b) Entire Agreement. This Agreement constitutes the sole agreement between the Parties concerning the settlement of the matters covered by this Agreement and supersedes any and all oral or written agreements or understandings pertaining to such matters.

(c) Construction. The terms of this Agreement are the result of negotiation between the Parties, each of whom was represented by counsel of the Party's own choosing, with respect to the language and substance of this Agreement. This Agreement shall be deemed to have been drafted by each of the Parties and any ambiguity that is deemed to exist shall not be interpreted more strongly against any particular Party on the basis that such Party caused the uncertainty to exist.

(d) Amendment. This Agreement cannot be amended, modified or otherwise changed, except by an instrument in writing, duly signed by all of the Parties hereto.

(e)     Successors and Assigns. This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their successors and assigns.

(f)     Notices. All notices, requests, demands or other communications made in connection with this Agreement shall be in writing and shall be deemed to have been duly given on the date delivered, if delivered personally or sent by telecopier, facsimile machine or email to the persons identified below, or three (3) days after mailing in the U.S. mail if mailed by certified or registered mail, postage prepaid, return receipt requested, addressed as follows, or one (1) business day after mailing by overnight courier, addressed as follows:

If to the Defendants:

Morton S. Bouchard III
Bouchard Transportation Co. Inc.
58 S Service Rd # 150
Melville, NY 11747
Email: MSBIII@bouchardtransport.com
Facsimile: (631) 390-4905

With a copy to:

Michael Chalos, Esq.
Chalos & Co. P.C.
55 Hamilton Avenue
Oyster Bay, New York 11771
Email: michael.chalos@chaloslaw.com
Facsimile: (866) 702-4577

If to Billybey:

Donald Liloia
Billybey Marina Services, LLC
4800 Avenue at Port Imperial
Weehawken, New Jersey
Email: liloia@nywaterway.com

With a copy to:

Christopher Raleigh, Esq.
Cozen O'Connor, P.C.
45 Broadway, Suite 1600
New York, NY 10006
Email: craleigh@cozen.com

Facsimile: (866) 591-9125

(g) <u>Attorneys' Fees</u>. Defendants will bear their own legal costs and expenses incurred in relation to the subject matter of this Agreement. Billybey shall be permitted to seek recovery of its Legal Costs as a general unsecured claim in the Bouchard Bankruptcy. In the event of any legal action between or among the Parties arising out of or in relation to this Agreement, or to enforce this Agreement, the prevailing Party in such legal action shall be entitled to recover all of its costs and expenses, including reasonable attorneys' fees.

(h) <u>No Admission</u>. This Agreement shall not constitute, and no action taken pursuant to this Agreement shall constitute, any admission of liability, causation, responsibility or fault, or proportionate share thereof or any admission of any fact concerning the Litigations by any Party with respect to any matter referred to herein, but instead this settlement has been undertaken to avoid the expense, inconvenience and uncertainties of litigation.

(i) <u>Headings</u>. The captions and headings of the various paragraphs of this Agreement are for convenience of reference only and are not intended to and shall not in any way enlarge or diminish any rights or obligations under, or affect the meaning or construction of, this Agreement or any provision hereof.

(j) <u>Counterparts</u>. This Agreement may be executed in counterpart originals with the same force and effect as if fully and simultaneously executed as a single, original document. All such counterparts, when taken together, shall constitute one and the same document.

(k) <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of New York, without giving effect to the conflict of laws rules thereof.

(l) The Parties acknowledge and agree that the Court shall retain jurisdiction over the Parties in connection with any dispute related to enforcement of the terms of this Agreement.

IN WITNESS WHEREOF, the Parties have duly executed this Agreement as of the date first above written.

Billybey Marina Services, LLC

By: *[signature]*

Name: Donald J. Liloia

Title: Sr. Vice President

Bouchard Transportation Co., Inc.

By: *[signature]*

Name: MORTON S. BOUCHARD III

Title: CHAIRMAN/CEO

6

*[signature]* 11/24/20

Motor Tug Ellen S. Bouchard, Inc.

By: _[signature]_
Name: Morton S. Bouchard
Title: Chairman/CEO

Tug Evening Star Corp.

By: _[signature]_
Name: Morton S. Bouchard
Title: Chairman/CEO

B. No. 230 Corporation

By: _[signature]_
Name: Morton S. Bouchard
Title: Chairman/CEO

B. No. 210 Corporation

By: _[signature]_
Name: Morton S. Bouchard
Title: Chairman/CEO

B. No. 250 Corp.

By: _[signature]_
Name: Morton S. Bouchard
Title: Chairman/CEO

Tug Jane A. Bouchard Corp.

By: _[signature]_
Name: Morton S. Bouchard
Title: Chairman/CEO

B. No 252 Corp.

By: _[signature]_
Name: Morton S. Bouchard
Title: Chairman/CEO

B. No. 284 Corp.

By: _[signature]_
Name: Morton S. Bouchard
Title: Chairman/CEO

B. No. 262 Corp.

By: _[signature]_
Name: Morton S. Bouchard
Title: Chairman/CEO

B. No. 260 Corporation

By: _[signature]_
Name: Morton S. Bouchard
Title: Chairman/CEO

B. No 282 Corp.

By: _____

Name: MATTHEW S. BOUCHARD

Title: CHAIRMAN / CEO

LEGAL\4977359\1\1