UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BILLYBEY MARINA SERVICES, LLC,          :

                Plaintiff,          : Case No. 20-cv-04922 LTS-JLC

             v.          : **IN ADMIRALTY**

Bouchard Transportation Co., Inc.,          : **Hon. Laura Taylor Swain**
Motor Tug Ellen S. Bouchard, Inc.,
Tug Jane A. Bouchard Corp.,          :
Tug Evening Star Corp.,
B. No 252 Corp.,          : **DECLARATION OF**
B. No. 230 Corporation,            **CHRISTOPHER RALEIGH**
B. No. 284 Corp.,          : **IN SUPPORT OF MOTION**
B. No. 210 Corporation,            **FOR ORDER ENFORCING**
B. No. 262 Corp.,          : **SETTLEMENT AGREEMENT**
B. No. 250 Corp.,
B. No. 260 Corporation and          :
B. No 282 Corp., *in personam*, and,
M/V ELLEN S. BOUCHARD, IMO No. 8117952,  :
Official No. 644590, her engines, equipment, tackle,
etc., M/V JANE A. BOUCHARD, IMO No. 9269702
Official No. 1139762, her engines, equipment,          :
tackle, etc., M/V EVENING STAR, IMO No.
9629768, Official No. 1234828, her engines,          :
equipment, tackle, etc.,
BARGE B. No. 252, BARGE B. No. 230,          :
BARGE B. No. 284, BARGE B. No. 210,
BARGE B. No. 262, BARGE B. No. 250,          :
BARGE B. No. 260 and BARGE B. No. 282, *in rem,*

             Defendants.          :
------------------------------------------------------------X
McAllister Towing of Connecticut, LLC          :
McAllister Towing of New York, LLC
McAllister Towing of Philadelphia, Inc.          :
McAllister Towing of Baltimore, Inc.
Portland Tugboat LLC          :
McAllister Towing of Narragansett Bay, LLC
d/b/a Providence Steamboat Company          :
Tugz Company, LLC
                :
             Intervening Plaintiffs,

1

|   |   |
|---|---|
| v. | : |
| Bouchard Transportation Co., Inc., | : |
|    Defendant in personam, | : |
| M/T EVENING STAR, IMO No. 9629768, BARGE B. No. 210, BARGE B. No. 230, BARGE B. No. 250, BARGE B. No. 252, BARGE B. No. 260, BARGE B. No. 262, BARGE B. No. 282, BARGE B. No. 284, , in rem, their respective equipment, tackle, etc., et al., | : |
|    Defendants in rem. | : |

-------------------------------------------------------------X

Christopher Raleigh, declares as follows:

1. I am a member of the law firm of Cozen O'Connor, attorneys for Plaintiff, Billybey Marina Services, LLC ("Billybey" or "Plaintiff") in the above-captioned matter. I submit this Declaration in support of Plaintiff's Motion for an Order Enforcing the Settlement Agreement between Plaintiff and the Defendants (Dkt. No. 130).

2. Attached hereto as Exhibit A is a true and correct copy of the Motion for Entry of an Order Authorizing the Debtors to Pay Certain Prepetition Claims of Trade Claimants ("Bouchard Motion") filed on October 20, 2020 in *In Re: Bouchard Transportation Co, Inc.*, Case No. 20-34682 (DRJ), Dkt. No. 94.

3. Attached hereto as Exhibit B is a true and correct copy of the Order granting the Bouchard Motion, entered on October 22, 2020 (the "Interim Order") in *In Re: Bouchard Transportation Co, Inc.*, Case No. 20-34682 (DRJ), Dkt. No. 139.

4. Attached hereto as Exhibit C is a true and correct copy of the Order Authorizing Entry Into and Performance Under the Settlement Agreement By and Among the Debtors and Billybey ("Settlement Approval Order") entered by the Bankruptcy Court on

December 21, 2020 in *In Re: Bouchard Transportation Co., Inc., et al.*, Case No. 20-34682 (DRJ), Dkt. No. 333.

    5.    Attached hereto as Exhibit D is a true and correct copy of an email sent to Bouchard's counsel on December 3, 2020 which advised that the vessels docked at South Brooklyn Marine Terminal ("SBMT Vessels") must be removed or shifted immediately, and Use Permits executed and dock charges prepaid for the vessels which remained at Homeport.

    6.    Attached hereto as Exhibit E is a true and correct copy of an email dated December 3, 2020 notifying Bouchard's counsel that Bouchard was in default under the terms of the Settlement Agreement.

    7.    Attached hereto as Exhibit F is a true and correct copy of a December 5, 2020 email exchange between Bouchard's counsel and the undersigned regarding Bouchard's claim that it could not move the SBMT Vessels because they had not been properly maintained by the Substitute Custodian appointed by the Court while they were under arrest, and the undersigned's rejection of that claim.

    8.    Attached hereto as Exhibit G is a true and correct copy of a December 9, 2020 email from the undersigned notifying Bouchard's counsel of another communication from the City of New York demanding that the vessels be immediately removed from South Brooklyn Marine Terminal.

    9.    Attached hereto as Exhibit H is a true and correct copy of a December 9, 2020 email confirming Bouchard's counsel's receipt of Exhibit G and the undersigned's follow up by email dated December 10, 2020.

10. Attached hereto as Exhibit I is a true and correct copy of a December 11, 2020 email from the undersigned notifying Bouchard's counsel of Bouchard's default and requesting a telephone conference pursuant to the Court's Individual Rules prior to the filing of a motion to enforce the Settlement Agreement.

11. Attached hereto as Exhibit J is a true and correct copy of the email exchange between counsel on December 12-14, 2020 regarding shifting of the SBMT Vessels from SBMT to Homeport.

12. Attached hereto as Exhibit K is a true and correct copy of a December 16, 2020 email regarding Bouchard's failure to execute Use Permits or prepay dockage charges for the nine vessels which were docked at Homeport and reiterating a request for a telephone conference prior to the filing of a motion to enforce the Settlement Agreement.

13. Attached hereto as Exhibit L is a true and correct copy of emails from Bouchard's counsel confirming he would confer with his client and requesting a breakdown of the amounts owed for each vessel through the end of December.

14. Attached hereto as Exhibit M is a true and correct copy of an email dated December 16, 2020 responding to Bouchard's counsel's request for a breakdown of charges, and repeating Billybey's request that executed Use Permits be provided for the vessels docked at Homeport.

15. Attached hereto as Exhibit N is a true and correct copy of a December 17, 2020 email exchange between Bouchard's counsel regarding the appropriate "start" date for the charges, and the undersigned's response.

16. Attached hereto as Exhibit O is a true and correct copy of a December 18, 2020 email from Bouchard's counsel confirming that payment for dockage charges through December 20, 2020 would be wired to Billybey.

17. Attached hereto as Exhibit P is a true and correct copy of an email dated December 18, 2020 from the undersigned to Bouchard's counsel, demanding that Bouchard either provide executed Use Permits or that its counsel participate in a telephone conference prior to filing a motion to enforce the Settlement Agreement, and the response of Bouchard's counsel to same.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 22, 2020

/s/ Christopher Raleigh
Christopher Raleigh